NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2693
_____

MARY ALICE HERMAN,
                              Appellant

v.

CARBON COUNTY;
ROBERTA BREWSTER, Court Administrator;
WILLIAM O. GUREK;
WAYNE NOTHSTEIN;
CHARLES GETZ, County Commissioner

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-04-cv-00614)
District Judge: Honorable James M. Munley

_____

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2010

Before: RENDELL, FISHER and GARTH, Circuit Judges.

(Filed: September 14, 2010)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

       Mary Alice Herman appeals the District Court's grant of summary judgment in

favor of Defendants Carbon County, Pennsylvania, Carbon County Commissioners William O'Gurek, Wayne Nothstein, and Charles E. Getz, and Roberta Brewster, the Carbon County Court Administrator (collectively, "Defendants"). Because we write for the parties who are familiar with the factual context and procedural history of this case, we recite only the facts that are relevant to our analysis.[1]

## BACKGROUND

For eighteen years, Herman was employed by the Carbon County Jury Selection Commission in a full-time position as Carbon County's Jury Clerk. In 2003, President Judge Webb recommended to the Carbon County Salary Board that they replace the Jury Clerk position with a part-time Jury Selection Commission Clerk in order to save administrative costs. The new position would reduce Herman's hours to ten-and-a-half hours per week. Judge Webb made this recommendation despite opposition from two members of the Jury Selection Commission, Brenda Ellis and William Poluka. Herman wrote to the County Commissioners asking them to reject Judge Webb's proposal, and she openly supported Ellis and Poluka when they spoke with the media regarding some of the issues dealt with by the Jury Selection Commission. Herman also appeared in a newspaper photograph with Poluka and Ellis with a caption stating that "they are complaining" (Appellant's Br. 10) and supported Poluka and Ellis in filing a complaint

---

[1] This case has a lengthy procedural history, *see Herman v. County of Carbon*, No. 04-614, 2009 WL 1259083 (M.D. Pa. May 5, 2009); however, in this opinion we will review only the District Court's grant of summary judgment.

against Judge Webb with the Judicial Conduct Board. In January 2004, County Commissioners O'Gurek, Nothstein, and Getz, acting in accord with the Salary Board, voted in favor of Judge Webb's proposal.

Herman brought claims alleging that the Defendants violated (1) her First Amendment rights by retaliating against her because she spoke about a matter of public concern; (2) the Due Process Clause of the Fourteenth Amendment by improperly terminating her employment; (3) the Pennsylvania Whistleblower Law, 43 Pa. Cons. Stat. §§ 1421-1428, by terminating her in retaliation for her support of Ellis and Poluka; and (4) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, by discriminating against her on account of her age.[2] We exercise plenary review over the District Court's grant of summary judgment, and will affirm. *Norfolk S. Ry. Co. v. Basell USA Inc.,* 512 F.3d 86, 91 (3d Cir. 2008).

**DISCUSSION**[3]

The District Court granted summary judgment in favor of the Defendants on Herman's First Amendment retaliation claim because she did not provide evidence showing that "'the exercise of [her] First Amendment rights played some substantial role in the relevant decision.'" *Herman*, 2009 WL 1259083 at *5 (citing *Suppan v. Dadonna,*

---

[2] Herman asserted the first three claims against all the Defendants, but brings the fourth claim against only Carbon County. *Herman*, 2009 WL 1259083 at *2.

[3] The District Court had jurisdiction under 28 U.S.C. § 1331. We exercise jurisdiction under 28 U.S.C. § 1291.

203 F.3d 228 (3d Cir. 2000)). The District Court noted that Herman provided evidence

from which a jury could conclude that Judge Webb acted in retaliation for her support of

Ellis and Poluka; however, Judge Webb is not a defendant in this case. The District Court

determined that Herman did not provide sufficient evidence indicating that her speech

was a "substantial factor in the county defendants' decision to adopt Judge Webb's

recommendation." *Id.* at *6.[4]

The District Court next found that Herman's support of Ellis and Poluka's

complaints was not a protected activity under the Pennsylvania Whistleblower Law, 43

Pa. Cons. Stat. §§ 1421-1428. That statute states that "[n]o employer may discharge,

threaten, or otherwise discriminate or retaliate against an employee regarding the

employee's compensation, terms, conditions, location, or privileges of employment

because the employee . . . makes a good faith report or is about to report, verbally or in

writing, to the employer or appropriate authority an instance of wrongdoing or waste." *Id.*

at § 1423(a). Waste is defined as "an employer's conduct or omissions which result in

substantial abuse, misuse, destruction or loss of funds or resources belonging to or

derived from Commonwealth or political subdivision sources" and wrongdoing is defined

as "a violation which is not of a merely technical or minimal nature of a Federal or State

regulation, of a political subdivision ordinance or regulation or of a code of conduct or

---

[4] The District Court dismissed Herman's retaliation claim against Brewster after determining that, as Court Administrator, Brewster did not have the authority to alter Herman's employment status.

ethics designed to protect the interest of the public or the employer." *Id.* at § 1422. The District Court found that Herman did not file any complaints relating to waste or wrongdoing as defined by the Pennsylvania Whistleblower Law.

The District Court granted the Defendants' motion for summary judgment regarding Herman's due process claim because Herman was an "at will" employee and therefore was not entitled to due process because she did not have a property interest in her employment. *Herman*, 2009 WL 1259083 at *10 (citing *Thomas v. Town of Hammonton*, 351 F.3d 108, 113 (3d Cir. 2003)).

Finally, the District Court dismissed Herman's ADEA claim because she did not provide evidence sufficient to rebut the Defendants' legitimate non-discriminatory reasons for reducing Herman's hours.

On appeal, Herman urges that she presented adequate evidence to withstand summary judgment on each of her four claims. However, she failed to provide the support required under Federal Rule of Civil Procedure 56 for her claims.[5]

We have reviewed the record in this case and considered Herman's arguments on appeal. We believe the District Court properly considered and decided the issues presented. Accordingly, we will AFFIRM for the reasons set forth by the District Court.

---

[5] The District Court ordered Herman to file a statement of facts in accordance with Local Rule 56.1. *Herman*, 2009 WL 1259083 at * 3. However, this statement of facts failed to refer to the parts of the records that support the statements and instead, "simply repeats, nearly verbatim, the allegations in plaintiff's second amended complaint, with no citations to the record." *Id.*

5